463 So.2d 372 (1985)
David G. JACKSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-236.
District Court of Appeal of Florida, Fifth District.
January 17, 1985.
Rehearing Denied February 11, 1985.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The defendant below, David G. Jackson, Jr., was charged in a three-count information with the offenses of: (1) fleeing a police officer; (2) battery on a law enforcement officer; and (3) resisting arrest with violence. The facts giving rise to these charges show that Wandell, a patrolling police officer, became suspicious of three black males standing in the street. As *373 Wandell approached them, the defendant got into his automobile and drove away. Wandell radioed for assistance "to catch the vehicle," and two other officers, Borges and Brewster, followed Jackson in their patrol cars with lights flashing. At one point the defendant stopped, but then drove off again. The officers pursued with sirens sounding. Finally, Brewster pulled in front of Jackson and their cars collided in front of Jackson's house. When the police officers approached Jackson's stopped vehicle with drawn guns a struggle ensued, ultimately resulting in Jackson being subdued and taken to the police station. There were several witnesses to the struggle, and their versions of the incident varied significantly.
On appeal, Jackson argues that his initial stop by Wandell was unlawful because it was not based on any founded suspicion of criminal activity. We believe this to be true  but irrelevant. This is so because, irrespective of the illegality of the initial stop by Wandell, the applicable statute, section 316.1935, Florida Statutes (1983), relating to the offense of fleeing and eluding a police officer, does not require lawfulness of the police action as an element of the offense. The language of the statute is mandatory, and provides:
(1) It is unlawful for the operator of any motor vehicle upon a street or highway, having knowledge that he has been directed to stop such vehicle by a duly authorized police officer, willfully to refuse or fail to stop such vehicle in compliance with such directive or, having stopped in knowing compliance with such a directive, willfully to flee in an attempt to elude such officer... .
There was sufficient evidence to support the jury determination that Jackson had knowledge that he had been directed to stop his vehicle by a police officer and willfully refused to do so. Therefore, we affirm the conviction under count one.
In regard to the two remaining counts  battery of an officer and resisting arrest with violence  the defendant sought an instruction at trial on self-defense. The trial court responded by giving an instruction, over defense objection, that was based on Florida Standard Jury Instruction (Criminal) 3.04(b):
Now, an issue in this case is whether David Jackson, Jr. acted in self-defense, that is, that his use of force was justified.
David Jackson, Jr. was justified in using force if he reasonably believed that the use of force was necessary while he was acting in defense of himself against the imminent use of unlawful force by another person.
A person is never justified in the use of any force to resist an arrest. Therefore, you cannot acquit the Defendant on the grounds of self-defense if you find the following facts have been proved: First, the Defendant was being arrested by Officer E. Borges or Officer Brewster.
Two, that the Defendant knew that Officer E. Borges or Officer Brewster were law enforcement officers or that Officer E. Brewster ... Or Officer Guy ... E. Borges or Officer Guy Brewster reasonably appeared under the circumstances to be a law enforcement officer.
As pointed out in the recent case of Allen v. State, 424 So.2d 101 (Fla. 1st DCA), review denied, 436 So.2d 97 (Fla. 1983), this standard jury instruction is wrong because it tells a jury that force by an arrestee may never be used, even to rebut excessive force, if he knows, or reasonably should know, that his assailant is a law enforcement officer. This is not the law, and never has been.
The court's observations in Allen were based upon its prior opinion in Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), review denied, 412 So.2d 470 (Fla. 1982), wherein the correlation between self-defense and the use of force by an arresting officer was analyzed:
Sections 776.012 and 776.051, Florida Statutes (1974), were both enacted as a part of the same act. See Laws of Florida, Chapter 74-383. Statutes that are a *374 part of a single act must be read in pari materia. Major v. State, 180 So.2d 335, 337 n. 1 (Fla. 1965). The effect of reading these statutes in pari materia is to permit an individual to defend himself against unlawful or excessive force, even when being arrested. This view is consistent with the position taken by other jurisdictions that have been confronted with questions relating to statutes similar to Sections 776.012, 776.051 and 843.01, Florida Statutes. See e.g., People v. Stevenson, 31 N.Y.2d 108, 335 N.Y.S.2d 52, 286 N.E.2d 445 (1972); People v. Curtis, 70 Cal.2d 347, 74 Cal. Rptr. 713, 450 P.2d 33 (1969); Annot. 77 A.L.R.3d 281.
Chapter 776, Florida Statutes, recognizes principles set forth in the case law of other jurisdictions in that the right of self-defense against the use of excessive force by a police officer is a concept entirely different from resistance to an arrest, lawful or unlawful, by methods of self-help. People v. Curtis, supra, at 74 Cal. Rptr. 713, 714, 450 P.2d 38-39; see also State v. Nunes, 546 S.W.2d 759, 762 (Mo. App. 1977). The former concept is grounded on the view that a citizen should be able to exercise reasonable resistance to protect life and limb; which cannot be repaired in the courtroom. The latter view is based on the principle that a self-help form of resistance promotes intolerable disorder. Any damage done by an improper arrest can be repaired through the legal processes.
398 So.2d at 930.
Thus, it is apparent that while an arrest, whether lawful or unlawful, may never be resisted with violence,[1] any excessive force accompanying such arrest may be forcefully defended against as provided by section 776.012, Florida Statutes (1983).[2] In the instant case, the defendant requested a jury instruction based upon Ivester, which read:
It is lawful to defend oneself against unlawful or excessive force, even when being arrested.
This is a correct statement of law. It was harmful error for the trial judge to deny this instruction and, instead, to give one which was based on standard criminal jury instruction 3.04(b).
It is stated in the state's appellate brief:
Whether the police were using unlawful or excessive force was dependent on which version of the facts the jury believed.
This is true and, therefore, the issue of self-defense was a jury issue. But, given the erroneous instruction that there could be no self-defense employed against an arresting officer, this issue actually was removed from the jury's province. Since self-defense under section 776.012 is an available defense in regard to both a charge of battery and resisting arrest with violence, and since there was evidence of excessive force which the jury could have believed, we reverse the convictions on counts two and three and remand for a new trial on both charges.
The last point raised is appellant's contention, conceded by the state, that the trial court erred in imposing a sentence of two years imprisonment for count one of his offense, fleeing and attempting to elude, when the oral pronouncement given by the court during the sentencing hearing reflected a one-year sentence, and where the statutory maximum sentence for that *375 offense is one year. See Matson v. State, 445 So.2d 1121 (Fla. 5th DCA 1984); Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983); Byrd v. State, 388 So.2d 1362 (Fla. 5th DCA 1980). It appears that this was a clerical error, and as the sentence exceeds the maximum allowable by law under section 316.1935, Florida Statutes (1983), we reverse the sentence and remand for its reduction to one year.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Section 776.051(1), Florida Statutes (1983), provides:

A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
[2] Section 776.012, Florida Statutes (1983), provides:

Use of force in defense of person.  A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony.