PER CURIAM.
In Weiand v. State, 732 So.2d 1044, 1057 (Fla.1999), this Court sua sponte adopted a “castle doctrine” jury instruction for use in criminal cases involving an attack by a co-occupant or invitee. We made clear that this was an interim instruction, and specifically instructed the Committee on Standard Jury Instructions in Criminal Cases (“the committee”) “to provide us with any recommendations as to the wording of the instruction.” Id. at 1056 n. 15. The committee in turn made some editorial changes to the instruction; published it for comment in the August 1, 1999, edition of The Florida Bar News; received no comments thereon; and has now submitted its proposed instruction for consideration by this Court. We have jurisdiction. See art. V, § 2(a), Fla. Const; see also Fla. R.Crim. P. 3.985.
The committee “discussed the issue at length and decided that it could not make any significant improvement on the temporary instruction adopted by the Court in Weiand,” stating that “the instruction [it is] proposing here is essentially the same.” With minor modification, we hereby accordingly authorize the publication and use of the instruction at issue as submitted by the committee and set forth in the appendix attached to this opinion. In so doing, we express no opinion on the correctness of this instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of this instruction. We further caution all interested parties that the comment associated with the instruction reflects only the opinion of the committee and is not necessarily indicative of the views of this Court as to its correctness or applicability. The instruction as set forth in the appendix shall be effective when this opinion becomes final. As the *955 inclusion of the language at issue is new to Florida Standard Jury Instruction in Criminal Cases 3.04(d) (“Justifiable Use of Deadly Force”), we forego the usual underlining and strike-through type format.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

3.04(d) Justifiable Use of Deadly Force
[[Image here]]

Defense of home against co-occupant

If the defendant was attacked in [his][her] own home or on [his][her] own premises by [a co-occupant] [any person who was lawfully on the premises], the defendant had a duty to retreat within the residence to the extent reasonably possible without increasing [his][her] own danger of death or great bodily harm.
However, the defendant was not required to flee [his] [her] home and had the lawful right to stand [his][her] ground and meet force with force, even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to [himself][herself].
Comment
This instruction is essentially the same as the temporary instruction adopted by the Florida Supreme Court in Weiand v. State, 732 So.2d 1044 (Fla.1999).