930 So.2d 612 (2006)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (NO. 2005-4).
No. SC05-1621.
Supreme Court of Florida.
May 25, 2006.
Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
Honorable Carey Haughwout, Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, and Paula S. Saunders, Co-Chair, Office of the Public Defender, and Michael Ufferman, P.A., Co-Chair, the Florida Association of Criminal Defense Lawyers (FACDL) Amicus Curiae Committee, Tallahassee, FL, Responding with comments.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (the Committee) petitions this Court to amend the Florida Standard Jury Instructions in Criminal Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On September 6, 2005, the Committee filed Supplemental Report No. 2005-4, proposing changes to Florida Standard Jury Instructions 3.6(f), "Justifiable Use of Deadly Force," and 3.6(g), "Justifiable Use *613 of Non-deadly Force." The Committee had originally submitted proposals for changes to the instruction on the justifiable use of deadly force after publishing the proposed changes in The Florida Bar News on December 1, 2003. However, after those proposed changes were submitted to the Court, the 2005 Florida Legislature changed the law of self-defense in Florida by amending portions of chapter 776, Florida Statutes, and creating section 776.013, Florida Statutes (2005). See ch. 2005-27, Laws of Fla. Accordingly, the Court declined to adopt the Committee's proposed amendments. See In re Standard Jury Instructions in Criminal Cases (No.2004-1), 911 So.2d 766 (Fla.2005). After submission, the proposed amendments before the Court were published for comment in The Florida Bar News. Two comments were received by the Court: one from the Florida Association of Criminal Defense Lawyers and one from the Florida Public Defender Association.
With regard to Standard Jury Instruction 3.6(f), "Justifiable Use of Deadly Force," the Committee recommended the following changes: (1) substituting the words "deadly force" for "force likely to cause death or great bodily harm" in the various parts of the instruction; (2) adding an instruction defining "deadly force" as "force likely to cause death or great bodily harm"; (3) combining subparts 3 and 4 into a new subpart 3 in the portion of the instruction dealing with claims of self-defense predicated on section 782.02, Florida Statutes (2005); (4) expanding the explanation of when the first part of the "aggressor" exception should be given; (5) deleting those subparts of the instruction concerning the necessity to avoid the use of deadly force, the necessity to retreat, the defense of the home, and the defense of the home against a co-occupant; (6) adding new subparts concerning the lack of a duty to retreat and the presumption of fear when the defendant was in a dwelling, residence, occupied vehicle, or place where he had a right to be; (7) adding definitions of "dwelling," "residence," and "vehicle"; (8) amending the subpart addressing prior threats to make it mesh with the absence of a duty to retreat; (9) adding the current year of revision to the comment section; and (10) deleting the second sentence in the comment, which refers to the instruction for defense of the home against a co-occupant, which instruction was deleted.[1]
With regard to Standard Jury Instruction 3.6(g), "Justifiable Use of Non-deadly Force," the Committee recommended the following changes: (1) substituting the words "non-deadly force" for "force not likely to cause death or great bodily harm" in the various parts of the instruction; (2) adding an instruction defining "non-deadly force" as "force not likely to cause death or great bodily harm"; (3) substituting the words "another person" for "other person" in the "In Defense of Person" instruction; (4) adding the words "to be" to the instruction for "In Defense of Person"; (5) adding new subparts on the lack of duty to retreat when the defendant is in a dwelling, residence, vehicle, or place where he has a right to be; (6) adding definitions of the words "dwelling," "residence," and "vehicle"; and (7) adding the current year of revision to the comment.
Upon consideration of the Committee's report and the comments filed, we hereby authorize the publication and use of the revised instructions without change from those recommended by the Committee and as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instructions *614 and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

3.6(f) JUSTIFIABLE USE OF DEADLY FORCE
Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
Read in all cases.
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of deadly force likely to cause death or great bodily harm.
Definition.
"Deadly force" means force likely to cause death or great bodily harm.
Give if applicable. § 782.02, Fla. Stat.
The use of deadly force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to [himself] [herself] while resisting:
1. another's attempt to murder [him] [her], or
2. any attempt to commit (applicable felony) upon [him] [her], or
3. any attempt to commit (applicable felony) upon or in any dwelling house, residence, or vehicle occupied by [him] [her], or.
4. any attempt to commit (applicable felony) in any dwelling house occupied by [him] [her].
Insert and define applicable felony that defendant alleges victim attempted to commit.
Give if applicable. §§ 776.012, 776.031, Fla. Stat.
A person is justified in using deadly force likely to cause death or great bodily harm if [he] [she] reasonably believes that such force is necessary to prevent
1. imminent death or great bodily harm to [himself] [herself] or another, or
2. the imminent commission of (applicable forcible felony) against [himself] [herself] or another.
Insert and define applicable forcible felony that defendant alleges victim was about to commit.
Aggressor. § 776.041, Fla. Stat.
However, the use of deadly force likely to cause death or great bodily harm is not justifiable if you find:
Give if applicable only if the defendant is charged with more than one forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
1. (Defendant) was attempting to commit, committing, or escaping after the commission of (applicable forcible felony); or
*615 Define applicable forcible felony. Define after paragraph 2 if both paragraphs 1 and 2 are given.
2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force likely to cause death or great bodily harm to on (assailant).
b. In good faith, the defendant withdrew from physical contact with (assailant) and clearly indicated to (assailant) that [he] [she] wanted to withdraw and stop the use of deadly force likely to cause death or great bodily harm, but (assailant) continued or resumed the use of force.
Force in resisting arrest. § 776.051(1), Fla. Stat.
A person is not justified in using force to resist an arrest by a law enforcement officer who is known to be, or reasonably appears to be a law enforcement officer.
Give if applicable.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] (or another), but only to the extent [he] [she] reasonably believes such force is necessary. See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.
Read in all cases.
In deciding whether defendant was justified in the use of deadly force likely to cause death or great bodily harm, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of deadly force likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
Necessity to avoid use of deadly force. Read in all cases
The defendant cannot justify the use of force likely to cause death or great bodily harm unless [he] [she] used every reasonable means within [his] [her] power and consistent with [his] [her] own safety to avoid the danger before resorting to that force.
Retreat. Read in all cases
The fact that the defendant was wrongfully attacked cannot justify [his] [her] use of force likely to cause death or great bodily harm if by retreating [he] [she] could have avoided the need to use that force. However, if the defendant was placed in a position of imminent danger of death or great bodily harm and it would have increased [his] [her] own danger to retreat, then [his] [her] use of force likely to cause death or great bodily harm was justifiable
*616 Defense of home. Give if applicable
If the defendant was attacked in [his] [her] own home or on [his] [her] own premises, [he] [she] had no duty to retreat and had the lawful right to stand [his] [her] ground and meet with force with force, even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent:
[death or great bodily harm to [himself] [herself] [another].]
[the commission of a forcible felony.]
Define felony
Defense of home against co-occupant
If the defendant was attached in [his] [her] own home or on [his] [her] own premises by a [co-occupant] [any person who was lawfully on the premises], the defendant had a duty to retreat within the residence to the extent reasonably possible without increasing [his] [her] own danger of death or great bodily harm.
However, the defendant was not required to flee [his] [her] home and had the lawful right to stand [his] [her] ground and meet force with force, even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to [himself] [herself].
No duty to retreat.
If the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
Presumption of Fear (dwelling, residence, or occupied vehicle). Give if applicable. See exceptions in § 776.013(2), Fla. Stat., which may negate the giving of this instruction.
If the defendant was in a(n) [dwelling] [residence] [occupied vehicle] where [he] [she] had a right to be, [he] [she] is presumed to have had a reasonable fear of imminent death or great bodily harm to [himself] [herself] [another] if (victim) had [unlawfully and forcibly entered] [removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
Definitions. Give if applicable.
As used with regard to self defense:
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
*617 Define applicable forcible felony that defendant alleges victim was about to commit.
Prior threats. Give if applicable.
If you find that the defendant who because of threats or prior difficulties with (victim) had reasonable grounds to believe that [he] [she] was in danger of death or great bodily harm at the hands of (victim), then the defendant had the right to arm [himself] [herself]. However, the defendant cannot justify the use of deadly force likely to cause death or great bodily harm, if after arming [himself] [herself] [he] [she] renewed [his] [her] difficulty with (victim) when [he] [she] could have avoided the difficulty, although as previously explained if the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat.
Reputation of victim. Give if applicable.
If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
Physical abilities. Read in all cases.
In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
Read in all cases.
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force likely to cause death or great bodily harm, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of deadly force likely to cause death or great bodily harm, you should find [him] [her] guilty if all the elements of the charge have been proved.

Comment
This instruction was adopted in 1981 and was amended in 1985, 1999, and 2000, and 2006.
The instruction for defense of home against co-occupant is essentially the same as the temporary instruction adopted by the Florida Supreme Court in Weiand v. State, 732 So.2d 1004 (Fla.1999).

3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE
Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
Read in all cases.
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of non-deadly force not likely to cause death or great bodily harm.
Definition.
"Non-deadly" force means force not likely to cause death or great bodily harm.
In defense of person. § 776.012, Fla. Stat. Give if applicable.
(Defendant) would be justified in using non-deadly force not likely to cause death or great bodily harm against (victim) if the following two facts are proved beyond a reasonable doubt:

*618 Give if applicable
1. (Defendant) must have reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against (victim's) imminent use of unlawful force against the [defendant] [another other person].
2. The use of unlawful force by (victim) must have appeared to (defendant) to be ready to take place.
In defense of property. § 776.031, Fla. Stat. Give if applicable.
(Defendant) would be justified in using non-deadly force not likely to cause death or great bodily harm against (victim) if the following three facts are proved beyond a reasonable doubt:
Give if applicable
1. (Victim) must have been trespassing or otherwise wrongfully interfering with land or personal property.
2. The land or personal property must have lawfully been in (defendant's) possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect.
3. (Defendant) must have reasonably believed that [his] [her] use of force was necessary to prevent or terminate (victim's) wrongful behavior.
No duty to retreat (dwelling, residence, or occupied vehicle). Give if applicable.
If the defendant is in [his] [her] [dwelling] [residence] [occupied vehicle] [he] [she] is presumed to have held a reasonable fear of imminent peril of death or bodily injury to [himself] [herself] [another] if (victim) has [unlawfully and forcibly entered] [has removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
No duty to retreat (location other than dwelling, residence, or occupied vehicle). Give if applicable.
If the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
Definitions.
As used with regard to self defense,
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
*619 "Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
Define applicable forcible felony that defendant alleges victim was about to commit.
Give in all cases.
A person does not have a duty to retreat if the person is in a place where [he] [she] has a right to be.
Aggressor. § 776.041, Fla. Stat.
The use of non-deadly force not likely to cause death or great bodily harm is not justified if you find:

Give if applicable.
1. (Defendant) was attempting to commit, committing, or escaping after the commission of a (applicable forcible felony).
Define applicable forcible felony.
2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force not likely to cause death or great bodily harm to on (assailant).
b. In good faith, the defendant withdrew from physical contact with (assailant) and indicated clearly to (assailant) that [he] [she] wanted to withdraw and stop the use of non-deadly force not likely to cause death or great bodily harm, but (assailant) continued or resumed the use of force.
Force in resisting arrest. § 776.051(1), Fla. Stat.
A person is not justified in using force to resist an arrest by a law enforcement officer who is known to be or reasonably appears to be a law enforcement officer.
Give the following instruction if applicable.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary. See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.
Read in all cases.
In deciding whether the defendant was justified in the use of non-deadly force not likely to cause death or great bodily harm, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force not likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
*620 Reputation of victim. Give if applicable.
If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
Physical abilities. Read in all cases.
In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
Read in all cases.
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force not likely to cause death or great bodily harm, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force not likely to cause death or great bodily harm, then you should find [him] [her] guilty if all the elements of the charge have been proved.

Comment
This instruction was adopted in 1981 and was amended in 1985, and 1992, and 2006.
NOTES
[1] The instruction entitled "Defense of home against co-occupant" is a part of instruction 3.6(f) but is unnumbered. The Committee proposes deleting this part of the instruction.