PER CURIAM.
 

 The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions, seeking authorization for publication and use.
 
 [1]
 
 The Committee proposes new instruction 3.3(g), Bifurcated Trial Instruction — Phase Two, as well as amendments to the following instructions: 3.6(f), Justifiable Use of Deadly Force; 3.6(g), Justifiable Use of Non-deadly Force; 3.6(h), Justifiable Use of Force by Law Enforcement Officer; and 11.14(e), Failure to Register as a Sexual Offender. The Committee published the proposals for comment in
 
 The Florida Bar News
 
 prior to submission to the Court. Upon review of the Committee’s proposals and comments received, we authorize the instructions for publication and use as proposed.
 

 New jury instruction 3.3(g), Bifurcated Trial Instruction — Phase Two, is based upon the Court’s decision in
 
 State v. Harbaugh,
 
 754 So.2d 691 (Fla.2000). In
 
 Harbaugh,
 
 a felony DUI case, we held that a bifurcated proceeding was necessary when the defendant is convicted of a substantive offense and prior convictions create a reclassification of the statutory penalty, thereby requiring a jury finding. In such a bifurcated proceeding, the jury must make the finding that the defendant had previously been convicted of the qualifying offenses for reclassification of the current offense.
 
 Id.
 
 at 694. Instruction 3.3(g) is intended to ensure that a jury makes the findings required by
 
 Harbaugh.
 

 We amend instruction 3.6(f), Justifiable Use of Deadly Force, and instruction 3.6(g), Justifiable Use of Non-deadly Force, to conform with statutory changes brought about by the Legislature’s amendment to section 776.051, Florida Statutes (2008).
 
 See
 
 Ch. 2008-67, § 1, Laws of Fla. That legislation was in response to
 
 Tillman v. State,
 
 934 So.2d 1263 (Fla.2006). In
 
 Tillman,
 
 the Court held that the offense of using force to resist an arrest was limited to situations where the law enforcement officer was effecting an arrest, and not to other types of police-citizen encounters.
 
 Id.
 
 at 1266. The plain language of section 776.051 dictated such limited results, particularly since sections 784.07 and 843.01, Florida Statutes (2005), which defined the offenses of battery on a law enforcement officer and resisting an officer with violence, respectively, included the alternative language that the state must prove the officer was “engaged in the lawful performance of his or her duties” or “in the lawful execution of any legal duty.”
 
 Tillman,
 
 934 So.2d at 1266 (quoting §§ 784.07(2), 843.01). Without such alternative language that appears in sections 784.07 and 843.01, section 776.051 could not be extended to those situations where a law enforcement officer was not in the process of making an actual arrest. In chapter 2008-67, section 1, the Legislature
 
 *641
 
 expanded section 776.051(1) to include as the nonjustifiable use of force resisting a law enforcement officer who is engaged in the execution of a legal duty where the officer was acting in good faith. The amendments to instructions 8.6(f) and 3.6(g) include that new language reflecting amended section 776.051(1). Instructions 3.6(f) and 3.6(g) are further amended to include citations to
 
 Novak v. State,
 
 974 So.2d 520 (Fla. 4th DCA 2008), clarifying that the “no duty to retreat” rule applies to situations where the defendant was not engaged in unlawful conduct beyond that for which he asserts justification.
 

 In addition, instruction 3.6(f) is also amended to include the statutory exceptions in section 776.013(2), Florida Statutes (2008), which may preclude giving the instruction on justifiable use of deadly force.
 

 Instruction 3.6(h), Justifiable Use of Force by Law Enforcement Officer, is amended to reflect that force by a law enforcement officer or person assisting him or her is prohibited both in the case of making an unlawful arrest and in the unlawful execution of a legal duty.
 
 See
 
 § 776.051(2), Fla. Stat. (2009).
 

 Instruction 11.14(e), originally authorized in 2008,
 
 see In re Standard Jury Instructions in Criminal Cases
 
 -Report
 
 No. 2007-4,
 
 983 So.2d 531 (Fla.2008), is based upon section 943.0435(7), Florida Statutes (2009). Subsection (7) requires, in pertinent part, that
 

 [a] sexual offender who intends to establish residence in another state or jurisdiction other than the State of Florida shall report in person to the sheriff of the county of current residence within 48 hours before the date he or she intends to leave this state to establish residence in another state or jurisdiction. The notification must include the address, municipality, county, and state of intended residence.
 

 The amendment to instruction 11.14(e) clarifies that an offender may commit the offense by either reporting to the sheriff but failing to provide an address, or by failing to report at all and leaving the jurisdiction of the State of Florida.
 

 Having considered the Committee’s report and comments, we hereby authorize the publication and use of the instructions as they appear in the attached appendix.
 
 [2]
 
 In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 
 *642
 
 APPENDIX
 

 3.3(g) BIFURCATED TRIAL INSTRUCTION — PHASE TWO
 

 Give in phase two of a bifurcated jury trial in which the State alleges the Defendant is guilty of a felony based upon a second, or subsequent conviction, (e.g. Felony Battery; Felony DUI-BUI; Felony Driving with License Cancelled, Revoked, or Suspended; Felony Petit Theft; Felony Voyeurism; etc.)
 

 Note to Judge: Review relevant statutes to determine whether an adjudication of guilt is necessary to constitute a conviction.
 

 You have found (defendant) guilty of (insert name of charged offense). You must now determine beyond a reasonable doubt whether:
 

 Give a orb as applicable.
 

 a. (Defendant) was previously convicted of (insert name of charged offense) prior to (insert date of charged offense in this case).
 

 b. (Defendant) was previously convicted of (insert name of charged offense) (insert number of prior convictions alleged in indictment or information) times.
 

 Comment
 

 The State must prove the prior conviction(s), unless waived, or stipulated to, by the defense, beyond a reasonable doubt in phase two of the bifurcated trial. The State and the court should accept the defendant’s stipulation to the prior conviction(s).
 
 State v. Harbaugh,
 
 754 So.2d 691, 694 (Fla.2000).
 

 This instruction was adopted in 2010,
 

 3.6(f) JUSTIFIABLE USE OF DEADLY FORCE
 

 Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
 

 Read in all cases.
 

 An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of deadly force.
 

 Definition.
 

 “Deadly force” means force likely to cause death or great bodily harm.
 

 Give if applicable. § 782.02, Fla. Stat.
 

 The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to [himself] [herself] while resisting:
 

 1. another’s attempt to murder [him] [her], or
 

 2. any attempt to commit (applicable felony) upon [him] [her], or
 

 3. any attempt to commit (applicable felony) upon or in any dwelling, residence, or vehicle occupied by [him] [her].
 

 Insert and define applicable felony that defendant alleges victim attempted to commit.
 

 Give if applicable. §§ 776.012, 776.031, Fla. Stat.
 

 A person is justified in using deadly force if [he] [she] reasonably believes that such force is necessary to prevent
 

 1. imminent death or great bodily harm to [himself] [herself] or another, or
 

 
 *643
 
 2. the imminent commission of (applicable forcible felony) against [himself] [herself] or another.
 

 Insert and define applicable forcible felony that defendant alleges victim was about to commit. Forcible felonies are listed in § 776.08, Fla. Stat.
 

 Aggressor. § 776.04-1, Fla. Stat.
 

 However, the use of deadly force is not justifiable if you find:
 

 Give only if the defendant is charged with an independent forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
 

 1. (Defendant) was attempting to commit, committing, or escaping after the commission of (applicable forcible felony); or
 

 Define applicable forcible felony. Define after paragraph 2 if both paragraphs 1 and 2 are given. Forcible felonies are listed in § 776.08, Fla. Stat.
 

 2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
 

 a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on (assailant).
 

 b. In good faith, the defendant withdrew from physical contact with (assailant) and clearly indicated to (assailant) that [he] [she] wanted to withdraw and stop the use of deadly force, but (assailant) continued or resumed the use of force.
 

 Force in resisting a law enforcement officer arrest. § 776.051(1), Fla. Stat.
 

 A person is not justified in using force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she whe-is known-to-be, or reasonably appears, to be a law enforcement officer.
 

 Give if applicable.
 

 However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] (or another), but only to the extent [he] [she] reasonably believes such force is necessary.
 
 See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
 

 In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat, may need to be given in connection with this instruction.
 

 Read in all cases.
 

 In deciding whether defendant was justified in the use of deadly force, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
 

 No duty to retreat. § 776.013(3), Fla. Stat. See Novak v. State 974 So.2d 520
 

 
 *644
 

 (Fla. 4th DCA 2008) regarding unlawful activity. There is no duty to retreat where the defendant was not engaged in any unlawful activity other than the crime(s) for which the defendant asserts the justification.
 

 If the defendant [was not engaged in an unlawful activity and] was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
 

 Define applicable forcible felony from list in § 776.08, Fla. Stat. that defendant alleges victim was about to commit.
 

 Presumption of Fear (dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(2)(a)-(d), Fla. Stat. See exceptions
 
 — m—§
 
 776.013(2),
 
 — Fla-.—Stat.
 
 which may negate-the-giving-of -this instruction^
 

 If the defendant was in a(n) [dwelling] [residence] [occupied vehicle] where [he] [she] had a right to be, [he] [she] is presumed to have had a reasonable fear of imminent death or great bodily harm to [himself] [herself] [another] if (victim) had [unlawfully and forcibly entered] [removed or attempted to remove another person against that person’s will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
 

 Exceptions to Presumption of Fear. § 776.013(2)(a)-(d), Fla. Stat. Give as applicable.
 

 The presumption of reasonable fear of imminent death or great bodily harm does not apply if:
 

 a. the person against whom the defensive force is used has the right to be in [or is a lawful resident of the [dwelling] [residence]] [the vehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or
 

 b. the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is used; or
 

 c. the person who uses defensive force is engaged in an unlawful activity or is using the [dwelling] [residence] [occupied vehicle] to further an unlawful activity; or
 

 d. the person against whom the defensive force is used is a law enforcement officer, who enters or attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself] [herself] in accordance with any applicable law or the person using the force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.
 
 If requested, give definition of “law enforcement officer
 
 ”
 
 from § 94,3.10(W, Fla. Stat.,
 

 § 776.013a), Fla. Stat.
 

 A person who unlawfully and by force enters or attempts to enter another’s [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the
 
 *645
 
 intent to commit an unlawful act involving force or violence.
 

 Definitions. Give if applicable. § 776.013(5), Fla. Stat.
 

 As used with regard to self defense:
 

 “Dwelling” means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
 

 “Residence” means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
 

 “Vehicle” means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
 

 Define applicable forcible felony that defendant alleges victim was about to commit.
 

 Prior threats. Give if applicable.
 

 If you find that the defendant who because of threats or prior difficulties with (victim) had reasonable grounds to believe that [he] [she] was in danger of death or great bodily harm at the hands of (victim), then the defendant had the right to arm [himself] [herself]. However, the defendant cannot justify the use of deadly force, if after arming [himself] [herself] [he] [she] renewed [his] [her] difficulty with (victim) when [he] [she] could have avoided the difficulty, although as previously explained if the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat.
 

 Reputation of victim. Give if applicable.
 

 If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
 

 Physical abilities. Read in all cases.
 

 In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
 

 Read in all cases.
 

 If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty.
 

 However, if from the evidence you are convinced that the defendant was not justified in the use of deadly force, you should find [him] [her] guilty if all the elements of the charge have been proved.
 

 Comment
 

 This instruction was adopted in 1981 and was amended in 1985 [477 So.2d 985], 1999 [732 So.2d 1044], 2000 [789 So.2d 954], 2005 [911 So.2d 766], 2006 [930 So.2d 612], and 2010.
 

 3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE
 

 Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
 

 Read in all cases.
 

 An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [in
 
 *646
 
 jury to] (victim) resulted from the justifiable use of non-deadly force.
 

 Definition.
 

 “Non-deadly” force means force not likely to cause death or great bodily harm.
 

 In defense of person. § 776.012, Fla. Stat. Give if applicable.
 

 (Defendant) would be justified in using non-deadly force against (victim) if the following two facts are proved:
 

 1. (Defendant) must have reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against (victim’s) imminent use of unlawful force against the [defendant] [another person].
 

 2. The use of unlawful force by (victim) must have appeared to (defendant) to be ready to take place.
 

 In defense of property. § 776.031, Fla. Stat. Give if applicable.
 

 (Defendant) would be justified in using non-deadly force against (victim) if the following three facts are proved:
 

 1. (Victim) must have been trespassing or otherwise wrongfully interfering with land or personal property.
 

 2. The land or personal property must have lawfully been in (defendant’s) possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect.
 

 3. (Defendant) must have reasonably believed that [his] [her] use of force was necessary to prevent or terminate (victim’s) wrongful behavior.
 

 No duty to retreat (dwelling, residence, or occupied vehicle). Give if applicable.
 

 If the defendant is in [his] [her] [dwelling] [residence] [occupied vehicle] [he] [she] is presumed to have held a reasonable fear of imminent peril of death or bodily injury to [himself] [herself] [another] if (victim) has [unlawfully and forcibly entered] [has removed or attempted to remove another person against that person’s will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
 

 A person who unlawfully and by force enters or attempts to enter another’s [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
 

 No duty to retreat (location other than dwelling, residence, or occupied vehicle). Give if applicable. See Novalc v. State 974 So.2d 520 (Fla. 4th DCA 2008) regarding unlawful activity. There is no duty to retreat where the defendant was not engaged in any unlawful activity other than the crime(s) for which the defendant asserts the justification.
 

 If the defendant [was not engaged in an unlawful activity and] was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
 

 Definitions.
 

 As used with regard to self defense,
 

 
 *647
 
 “Dwelling” means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
 

 “Residence” means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
 

 “Vehicle” means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
 

 Define applicable forcible felony that defendant alleges victim was about to commit
 

 Give in all cases.
 

 A person does not have a duty to retreat if the person is in a place where [he] [she] has a right to be.
 

 Aggressor. § 776.041, Fla. Stat.
 

 The use of non-deadly force is not justified if you find:
 

 Give only if the defendant is charged with an independent forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
 

 1. (Defendant) was attempting to commit, committing, or escaping after the commission of a (applicable forcible felony).
 

 Define applicable forcible felony.
 

 2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
 

 a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on (assailant).
 

 b. In good faith, the defendant withdrew from physical contact with (assailant) and indicated clearly to (assailant) that [he] [she] wanted to withdraw and stop the use of non-deadly force, but (assailant) continued or resumed the use of force.
 

 Force in resisting a law enforcement officer arrest. § 776.051(1), Fla. Stat.
 

 A person is not justified in using force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she who-is known-to-be, or reasonably appears, to be a law enforcement officer.
 

 Give the following instruction if applicable.
 

 However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary.
 
 See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
 

 In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat, may need to be given in connection with this instruction.
 

 Read in all cases.
 

 In deciding whether the defendant was justified in the use of non-deadly force, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was
 
 *648
 
 used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
 

 Reputation of victim. Give if applicable.
 

 If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
 

 Physical abilities. Read in all cases.
 

 In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
 

 Read in all cases.
 

 If, in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.
 

 However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.
 

 Comment
 

 This instruction was adopted in 1981 and was amended in 1985 [477 So.2d 985], 1992 [603 So.2d 1175], 2005 [911 So.2d 766], 2006 [930 So.2d 612], and 2010.
 

 3.6(h) JUSTIFIABLE USE OF FORCE BY LAW ENFORCEMENT OFFICER
 

 In making an arrest of a felon. § 776.05, Fla. Stat. Give if applicable.
 

 A law enforcement officer, or any person [he] [she] has summoned or directed to assist [him] [her], need not retreat from or stop efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. The officer is justified in the use of any force that [he] [she] reasonably believes necessary to defend [himself] [herself] or another from bodily harm while making the arrest. That force is also justifiable when necessarily used:
 

 1. in retaking a felon who has escaped or
 

 2. in arresting a felon who is fleeing from justice.
 

 Force in making unlawful arrest or unlawful execution of a legal duty prohibited. § 776.051(2), Fla. Stat. Give if applica-bla
 

 Use of any force by a law enforcement officer or any person summoned or directed to assist the law enforcement officer is not justified if
 

 Give jf applicable.
 

 1. the [arrest] [execution of a legal duty] is unlawful and
 

 2. it is known by the officer or the person assisting [him] [her] to be unlawful.
 

 To prevent escape from custody. § 776.07(1), Fla. Stat. Give if applicable.
 

 A law enforcement officer or other person who has an arrested person in [his] [her] custody is justified in the use of any force that [he] [she] reasonably
 
 *649
 
 believes to be necessary to prevent the escape of the arrested person from custody.
 

 To prevent escape from penal institution. § 776.07(2), Fla. Stat. Give if applicable.
 

 A guard or other law enforcement officer is justified in the use of any force that [he] [she] reasonably believes to be necessary to prevent an escape from a penal institution of a person the officer reasonably believes is lawfully detained.
 

 Give if applicable.
 

 “Deadly force” includes, but is not limited to
 

 1. firing a firearm in the direction of the person to be arrested, even though no intent exists to kill or inflict great bodily harm; and
 
 § 776.06(1)(a), Fla. Stat.
 

 2. firing a firearm at a vehicle in which the person to be arrested is riding.
 
 § 776.06(1)(b), Fla. Stat.
 

 Definition. Give if applicable.
 

 A “firearm” is legally defined as (adapt from § 790.001(6), Fla. Stat., as required by allegations).
 

 Comment
 

 This instruction was adopted in 1981 and was amended in March 1989, and March 2004, and 2010.
 

 11.14(e) FAILURE TO REGISTER AS A SEXUAL OFFENDER
 

 (Failure to Report Change of Residence to Another State or Jurisdiction)
 

 § 943.0435(7), Fla. Stat.
 

 To prove the crime of Failure to Report Change of Address as a Sexual Offender, the State must prove the following [four] [five] elements beyond a reasonable doubt:
 

 Give la or lb as applicable.
 

 1. (Defendant)
 

 a. is a sexual offender.
 

 b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
 

 If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”
 

 2. (Defendant) [established] [maintains] [maintained] a permanent or temporary residence in (name of county) County, Florida.
 

 3. (Defendant) intended to leave this State to establish residence in another state or jurisdiction on (date).
 

 Give element j or 5, or both, as applicable.
 

 4. (Defendant) knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction.
 

 5. (Defendant) knowingly failed to provide the address, municipality, county, and state of [his] [her] intended address, when [he] [she] reported to the sheriffs office of the county of [his] [her] current residence [his] [her] intention to estab
 
 *650
 
 lish residence in another state or jurisdiction.
 

 Definitions. See instruction 11.14(h) for the applicable definitions.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2008 and amended in 2010.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 [2]
 

 . The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.