530 So.2d 480 (1988)
Stuart Garrett GREEN, Appellant,
v.
STATE of Florida Appellee.
No. 87-564.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Irwin N. Sperling, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING EN BANC
COBB, Judge.
Pursuant to motion by the state, we grant en banc rehearing, vacate our prior opinion herein, and substitute the following opinion therefor:
The appellant, Stuart Garrett Green, failed to stop his vehicle when directed to do so by police officers at an illegal driver's license check.[1] The officers pursued and stopped him. He was then arrested for driving under the influence and a search incidental to his arrest revealed cocaine. He was charged with possession of that drug and with fleeing or attempting to elude a police officer in violation of section 316.1935, Florida Statutes (1985), which provides as follows:
(1) It is unlawful for the operator of any vehicle, having knowledge that he has been directed to stop such vehicle by a duly authorized police officer, willfully to refuse or fail to stop such vehicle in compliance with such directive or, having stopped in knowing compliance with such a directive, willfully to flee in an attempt to elude such officer... .
*481 Green's motion to suppress evidence on the basis of an invalid stop was denied. Green pled nolo contendere, reserving the right to raise this dispositive issue on appeal.
This case is controlled by our prior opinion in Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985), review denied, 482 So.2d 345 (Fla. 1986). Jackson involved a patrolling officer, Wandell, who became suspicious of three men standing in the street. As the officer approached the men, the defendant got into his car and drove away. The officer radioed for assistance and two other officers pursued the defendant in their police cruiser with lights flashing. The chase ended in a struggle with the defendant and the defendant's arrest. This court rejected as irrelevant the defendant's argument that the initial stop was unlawful because it was not based on any founded suspicion of criminal activity. We stated:
[I]rrespective of the illegality of the initial stop by Wandell, the applicable statute, section 316.1935, Florida Statutes (1983), relating to the offense of fleeing and eluding a police officer, does not require lawfulness of the police action as an element of the offense.
Id. at 373.
The cases relied upon by the appellant for reversal[2] are all readily distinguishable from the instant factual scenario. In those cases, illegal roadblocks resulted in stops and seizures of evidence pursuant to that illegal stop. Here, Green did not stop. Without knowledge as to the legality or illegality of the attempted checkpoint stop, he drove through it, despite hand signals and verbal orders to stop from a police officer. Green was pursued and apprehended several blocks away. Incident to the arrest at that time  not at the point of the illegal checkpoint  he was searched and cocaine was discovered on his person. His stop for fleeing a police officer pursuant to section 316.1935, Florida Statutes (1987), was valid.
AFFIRMED.
SHARP, C.J., and DAUKSCH and ORFINGER, JJ., concur.
COWART, J., dissents with opinion.
DANIEL, J., dissents without opinion.
COWART, Judge, dissenting.
The defendant refused or failed to stop the vehicle he was operating when police officers directed him to stop at a driver's license check. The officers pursued and stopped him. He was then arrested for driving under the influence (§ 316.193(1), Fla. Stat. (1986))[1] and a search incidental to his arrest revealed cocaine. He was charged with possession of that drug (§ 893.13(1)(e), Fla. Stat.) and with fleeing or attempting to elude a police officer in violation of section 316.1935, Florida Statutes.[2] The defendant's motions to suppress evidence and to dismiss were denied. The parties stipulated the rulings were dispositive of the case. The defendant pled nolo contendere, reserving the right to take this appeal.
The State concedes the license check point was not a lawful roadblock. Apparently, the license check point did not meet the standard for constitutional roadblocks established in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). In Prouse, the Supreme Court upheld the trial court's suppression of evidence obtained as a result of a stop at a *482 license check point, finding the roadblock to be unreasonable under the Fourth Amendment. Prouse was protected from this unconstitutional intrusion by the suppression of the evidence seized as a result of the illegal roadblock.
Likewise, in State v. Jones, 483 So.2d 433 (Fla. 1986), the Florida Supreme Court upheld the district court of appeal's decision to suppress evidence against a defendant which arose out of a stop at an illegal DUI roadblock. The court in Jones cites Prouse and United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), in finding that the roadblock failed to meet specific neutral criteria, required to limit the conduct of individual officers, which would render the roadblock constitutional. As in Prouse, the court in Jones upheld the suppression of evidence which resulted from the illegal roadblock.
Prouse and Jones broadly stand for the principle that in order to deter law enforcement officers from violating the constitutional rights of citizens with impunity by employing unconstitutional law enforcement methods, it is necessary for the courts to see that the State receives no benefit from such unlawful conduct even if relevant evidence must be rendered inadmissible and a guilty citizen be not prosecuted or punished.
Certainly a good citizen should always stop his vehicle when directed to do so by a police officer. However, that is not the legal question in this case. This is a very difficult case and must ultimately be viewed either as involving a citizen (Green) not obeying a police officer's unlawful directive to stop his vehicle OR as involving the State (acting through a police officer) not obeying constitutional provisions protecting citizens from arbitrary State action. The considerations upon which Prouse and Jones were decided dictate that the better view is the broader view that the controlling question in this case is: Can a citizen's criminal conviction stand squarely upon the unconstitutional action of a State law enforcement officer? To allow the State to benefit from unconstitutional police action is to encourage that action and to undermine the citizen's rights to freedom, liberty, and privacy. One need not be a strong advocate of the exclusionary rule in order to believe, as did the courts in Prouse and Jones, that, rather than hold that a citizen's constitutional rights are subject to arbitrary invasion at the unfettered discretion of individual police officers, it is better occasionally, as in this case, that the law not countenance or uphold the conviction of a guilty citizen.
Consider the implication of the majority view and holding. (1) It is conceded that the police license check road stop in this question was illegal because it did not meet constitutional standards. (2) An illegal police stop constitutes an unconstitutional seizure of a citizen violative of rights under U.S. Const. amend. IV; Fla. Const. art. I, § 12.[3] (3) Incriminating evidence obtained by police in consequence of a police violation of constitutional rights is subject to suppression and exclusion from evidence. Therefore, the majority view must concede that had the defendant stopped at the illegal police stop point in obedience to police directions, the evidence obtained by the police as a result of that stop would have been subject to suppression. However, the majority view is that by not stopping as directed by the police, the defendant violated a criminal statute prohibiting a failure to stop thereby justifying an involuntary police stop and legalizing the seizure of the same evidence that would have been illegally seized had it resulted from obedience to the illegal police direction to stop at the illegal police stop point. Obviously the only way for a citizen to exercise a constitutional right to not obey an illegal police direction to stop is to not stop. Therefore, the majority view creates a most interesting *483 legal paradox and necessarily implies several untenable legal principles. The paradox is: If a citizen exercises and asserts his constitutional right to freedom from illegal police seizure by refusing to stop at an illegal police direction he violates the state statute which justifies a lawful stop and the citizen thereby loses the very constitutional right he exercised. On the other hand, if the citizen will waive his constitutional right to freedom from illegal police action by stopping at the illegal police direction, he avoids violating the statute and preserves the very constitutional right which he has been forced to waive. If one loses a right when he exercises it and must waive it in order to have it, he doesn't have it!
The majority view necessarily implies that when a police officer without a lawful purpose and without lawful authority directs a citizen to stop his vehicle a citizen either does not have a constitutional right to not stop or does not have a constitutional right to assert his constitutional right to not stop. Under the majority view, by a statute such as section 316.1935, Florida Statutes, a state legislature can effectively vitiate, or render useless, a constitutional right by the simple device of criminalizing and penalizing the exercise or assertion of that right, such as when the citizen refuses to obey an illegal police direction that he relinquish his constitutionally guaranteed freedom.
To avoid this paradox and the implications in the majority's opinion, and to validate and effectuate constitutional rights, the dissent would hold that a citizen has the constitutional right to exercise and assert constitutional rights, including the right to refuse to submit to a police violation of those rights and, specifically, the right to not stop his vehicle when the police directive to stop is illegal and violative of the citizen's constitutional rights. The dissent would simply hold that a statute such as section 316.1935, Florida Statutes, cannot be constitutionally applied to criminalize and penalize the exercise of a constitutional right.
The order denying the defendant's motion to suppress evidence obtained as a result of a law enforcement effort to enforce an illegal roadblock should be reversed. As the State stipulated that this order is dispositive of this case, the defendant's convictions should be reversed and the charges in this case dismissed.
NOTES
[1] The state concedes that the license checkpoint did not meet the standard for constitutional road blocks. See Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).
[2] Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); State v. Jones, 483 So.2d 433 (Fla. 1986).
[1] For some reason the DUI charge was dismissed and the State does not seek to uphold the lawfulness of the arrest and search on the ground that the police officers had probable cause to arrest the defendant for the DUI offense committed in their presence.
[2] § 316.1935, Fla. Stat.  Fleeing or attempting to elude a police officer. 

(1) It is unlawful for the operator of any vehicle, having knowledge that he has been directed to stop such vehicle by a duly authorized police officer, willfully to refuse or fail to stop such vehicle in compliance with such directive or, having stopped in knowing compliance with such a directive, willfully to flee in an attempt to elude such officer... .
[3] The majority view naturally has going for it the old concept that the operation of a vehicle upon the public road is a privilege, not a right. The reply to this is that drivers also have constitutional rights that can be violated by illegal police action and that is what is at issue in this case. The Florida Supreme Court held in Jones, supra, that "[u]nquestionably, stopping an automobile and detaining its occupant constitutes a seizure within the meaning of the Fourth Amendment to the United States Constitution."