772 So.2d 596 (2000)
STATE of Florida, Appellant,
v.
Steven McCUNE, Appellee.
No. 5D00-1624.
District Court of Appeal of Florida, Fifth District.
December 1, 2000.
*597 Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
Claude Ashton Van Hook, III, Deland, for Appellee.
HARRIS, J.
McCune, after an officer observed him driving down the middle of a two-lane residential street in the early morning hours, was signaled to pull over by the officer's blue lights. Instead, McCune sped up to 55 miles per hour and raced home with the officer in pursuit. McCune stopped in his driveway and was arrested for fleeing and eluding a police officer. Upon arrest, a metal cannabis pipe was found on his person and an open container was found in his vehicle. McCune moved to suppress the pipe and all statements given by him, as well as all observations pertaining to the fleeing and eluding charge. The court granted the motion to suppress on the basis that the State failed to prove that driving down the middle of the street when there was no other traffic constituted a violation of the law and hence there was no basis for the chase and the arrest.
We reverse. The law of the District is that regardless of the legality of the initial stop (or attempted stop), the statutory offense of fleeing and eluding does not require the lawfulness of the police action as an element of the offense. McCune should have stopped when the officer put on his lights and sounded his siren. See Green v. State, 530 So.2d 480 (Fla. 5th DCA 1988); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985); section 316.1935, Fla. Stat. (1999). The amendment of the statute since 1985 does not change this law.
REVERSED for further action consistent with this opinion.
THOMPSON, C.J., and PLEUS, J., concur.