PER CURIAM.
Harry L. Henderson appeals his convictions for possession of a firearm by a convicted felon, fleeing or attempting to elude a police officer, and driving while license suspended. He contends the trial court erred by (1) denying his motion to suppress because the arresting officer did not have reasonable suspicion or probable cause to stop his vehicle pursuant to the fellow-officer rule, and (2) denying his motion for judgment of acquittal because the state failed to prove he was in constructive possession of the firearm. We affirm.
Jacksonville Sheriffs Office Deputy J.E. Floyd testified that on June 24, 2010, a U.S. Marshall requested assistance over the police radio from available patrol units to stop an armed homicide suspect who was driving in front of him on Interstate 95 in a gold Kia with an Ohio tag. Deputy *1062 Floyd caught up with them and the Marshall pointed to the gold Kia as containing the suspect. Deputy Floyd activated his red and blue lights, as did Deputy Wilke, who was by then in front of Deputy Floyd. Deputy Wilke’s SUV had Jacksonville Sheriffs Office insignia on it, “prominent and easily determined,” as did Dep. Floyd’s patrol vehicle. Deputy Floyd could also see lights and hear sirens behind him.
When the lights and sirens commenced, appellant slowed, as if to pull off on the grass shoulder, but then continued to drive for one to two miles, although he could have pulled over on the shoulder during that time. Appellant did not speed or violate any traffic laws before he pulled over, but he did not stop until there were officers approaching from the opposite direction. A loaded .45-caliber handgun was found under the driver’s seat.
Deputy Floyd testified that he initiated the stop based on the U.S. Marshall’s request. The U.S. Marshall did not testify. The deputy said he was given a teletype at around 3:00 p.m. when he booked appellant into jail stating that a warrant for appellant’s arrest had been issued in St. John’s County.
We reject the state’s argument that the stop was justified by the fellow-officer rule. The rule cannot be applied under the facts of this case. Because there is no record evidence of the U.S. Marshall’s grounds for suspecting that appellant had been involved in a homicide, “there is nothing on the record to impute” to Deputy Lloyd. J.P. v. State, 855 So.2d 1262, 1265 (Fla. 4th DCA 2003). Accord C.H.C. v. State, 988 So.2d 1145 (Fla. 2d DCA 2008).
We also reject the state’s claim that the arrest warrant issued five hours later justified the stop, absent any record evidence of the information that was provided to the judge who issued the warrant and when the information was provided. See, e.g., Mills v. State, 58 So.3d 936 (Fla. 2d DCA 2011) (facts discovered after an arrest cannot be used retroactively to justify a warrantless arrest).
We affirm the order, however, because appellant’s act of fleeing or attempting to elude Deputy Floyd and the other officers [1] obviates the necessity of determining whether there was reasonable suspicion or probable cause for the initial attempt to stop.[2]
In a case much like that at bar, Green v. State, 530 So.2d 480 (Fla. 5th DCA 1988) (on motion for rehearing en banc), the defendant drove through a driver’s license checkpoint that was later shown to be unlawful because it did not meet constitutional standards. The defendant was stopped after a brief pursuit and cocaine was found in his car. The Fifth District affirmed the denial of a motion to suppress, finding that the stop was valid under section 316.1935, Florida Statutes, because the police stopped and searched him based on his flight rather than at the illegal checkpoint. Accord State v. McCune, 772 So.2d 596, 597 (Fla. 5th DCA 2000) (reversing the order granting the defendant’s motion to suppress, because, *1063 “regardless of the legality of the initial stop (or attempted stop), the statutory offense of fleeing and eluding does not require the lawfulness of the police action as an element of the offense.”).
Appellant relies instead upon Ray v. State, 40 So.3d 95 (Fla. 4th DCA 2010), in which the Fourth District reversed the denial of the defendant’s motion to suppress, finding there was no reasonable suspicion for the traffic stop. A police officer responding to a complaint about drug dealing witnessed a hand-to-hand exchange between the defendant and another person. Believing this was a drug sale, the officer followed the defendant in her patrol car and activated the lights to make a stop. The defendant drove through a stop sign and then pulled over, dropping cocaine out the window. The Fourth District concluded that the initial hand-to-hand exchange did not by itself provide reasonable suspicion for the stop; hence, the officer had activated her emergency lights without reasonable suspicion. In addition, the defendant’s traffic infraction of running the stop sign did not provide a reason for the stop because it occurred after the lights were activated.
Ray is distinguishable, because the court did not characterize the defendant’s brief act of running the stop sign before pulling over as flight, and there was no charge of fleeing or attempting to elude. In our case, when the officers attempted to pull appellant over with lights and sirens activated, appellant continued to drive for nearly two miles, providing probable cause to stop him for violating section 316.1935(2). Deputy Floyd’s stated reason for the stop has no bearing on whether there was probable cause for the stop. See Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Moore, 791 So.2d 1246 (Fla. 1st DCA 2001).
Our decision is also supported by recent case law addressing the lawfulness of a stop based upon a defendant’s unprovoked flight. In C.E.L. v. State, 24 So.3d 1181 (Fla.2009), the Florida Supreme Court affirmed a conviction for resisting an officer without violence, finding that even if the officer initially lacked reasonable suspicion to stop the defendant, reasonable suspicion was established by the defendant’s flight, citing Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). In Wardlow, the Court acknowledged that merely standing around in a high-crime area does not provide reasonable suspicion, but that the defendant’s “unprovoked” flight did. “Headlong flight — wherever it occurs — is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.” Id. at 124, 120 S.Ct. 673. Our supreme court concluded in C.E.L. that the defendant’s flight in a high-crime area provided reasonable suspicion to justify an investigative stop, and that his “continued flight in knowing defiance of the officer’s lawful order to stop” constituted resisting an officer without violence. C.E.L., 24 So.3d at 1189. Accord Williams v. State, 55 So.3d 596 (Fla. 3d DCA 2010); Livingston v. State, 985 So.2d 1144 (Fla. 5th DCA 2008).
In the case at bar, had appellant pulled over immediately after Dep. Floyd activated his lights and siren, there would have been insufficient evidence in the record to justify the stop. When appellant continued driving, however, long after the officers had activated their lights and sirens, in combination with the request from the Marshall to assist in stopping a homicide suspect and the Marshall’s signal that the gold Kia contained the suspect, Deputy Floyd did have a reasonable suspicion that a crime had been or was being committed sufficient to warrant the stop.
*1064 As to the second issue, appellant fails to show that the trial court erred as a matter of law by denying his motion for judgment of acquittal on the charge of felon in possession of a firearm. Because appellant was the sole occupant and driver of the car when apprehended, he had exclusive possession of it, regardless of the vehicle’s ownership, and thus his knowledge of the contraband and his ability to maintain control of it was inferred. See Sinclair v. State, 50 So.3d 1223 (Fla. 4th DCA 2011); Lee v. State, 835 So.2d 1177 (Fla. 4th DCA 2002); State v. Odom, 862 So.2d 56 (Fla. 2d DCA 2003). Appellant’s evidence that the automobile was a rental car leased by a friend and used by several other people did not require a judgment of acquittal but simply presented a jury question regarding whether the possession was exclusive. Odom, 862 So.2d at 59.
AFFIRMED.
PADOVANO and SWANSON, JJ., concur.
BENTON, C.J., concurs in result.

. Section 316.1935(2), Florida Statutes (2010), provides: "Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated commits a felony of the third degreef.]”

. Although the prosecutor mainly argued below that the fellow-officer rule should defeat defendant's motion to suppress, he did briefly raise an argument regarding defendant’s flight once the officer’s lights and siren were activated.