CIKLIN, J.
In this appeal, we address an issue of first impression in Florida: whether Miranda [1] warnings are required before law enforcement officials may engage in certain interactions with a “barricaded person” during a standoff. In appealing his manslaughter conviction, Erin Atac raises multiple issues, one of which warrants discussion. Atac argues that the police were required to administer Miranda warnings before questioning him over the telephone after Atac barricaded himself in his apartment and threatened to kill himself and anyone who entered the apartment. We join the consensus of states that have considered this issue and hold that Miranda warnings are not required in this type of situation.
Atac’s father was found murdered in January of 2007. The lead investigator of the murder (the “detective”) spoke to Atac multiple times at the start of the investigation. On the morning of January 14, 2007, the detective, along with a team of law enforcement officers, arrived at Atac’s apartment complex to arrest Atac and execute a search warrant for his apartment.
From the apartment building parking lot, the detective placed a telephone call to Atac and attempted to peacefully draw Atac out of his second-story unit so the team of law enforcement officers could effectuate both the arrest and the search. Atac, however, noticed through his back window that officers were positioned near his apartment. Atac refused to come out of his apartment, and told the detective that he was holding two firearms against his head. He warned law enforcement officials that if anyone entered his apartment, he would shoot them and save the last bullet for himself. Atac hung up the phone and the detective called back. *809 Thereafter they engaged in a lengthy conversation spanning approximately two-and-one-half hours during which Atac repeatedly and abruptly terminated the various conversations. Atac twice ' reestablished contact with the detective by calling him. On one such call, Atac admitted to the detective, “I made my father beg for his life. I made him cry. And then I stuck him in the neck with a knife.” Atac repeatedly stated that his father “deserved what he got.”
At one point during the standoff, the detective began recording the telephone conversation with Atac. Eventually, the detective convinced Atac to peacefully exit his apartment and surrender, at which time he was arrested for the murder of his father.
Atac filed a motion to suppress directed at the incriminating telephone statements he made to the detective during the law enforcement operation at the apartment. Concluding that Atac was not in custody during the standoff, and therefore Miranda warnings were not required, the trial court denied the motion to suppress. A jury later found. Atac guilty of manslaughter and the trial court sentenced him to eighteen-and-one-half years in prison. Atac now appeals.
“The standard of review applicable to a motion to suppress requires this court to defer to the trial court’s factual findings but review legal conclusions de novo.” State v. Wilburn, 93 So.3d 1115, 1118 (Fla. 4th DCA 2012) (citation omitted).
“To protect suspects’ constitutional right[s] against self-incrimination, law enforcement officers are required to inform them of their right to remain silent and to have counsel present at any custodial interrogation.” Black v. State, 59 So.3d 340, 344-45 (Fla. 4th DCA 2011) (citing Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) (footnote omitted). “The safeguards provided by Miranda apply only if an individual is in custody and subject to interrogation.” Id. at 345 (citation and quotation marks omitted).
The dispositive issue here — and one which apparently has never been decided by a Florida appellate court — centers around custody during a barricaded standoff — a mixed question of law and fact. Custody can encompass either formal arrest or “the restriction of a suspect’s freedom of movement to a degree associated with formal arrest.” Schoenwetter v. State, 46 So.3d 535, 548 n. 7 (Fla.2010) (citation omitted). The Florida Supreme Court has adopted an “objective, reasonable-person framework in determining whether a suspect was in custody.” Peterson v. State, 94 So.3d 514, 527 (Fla.2012). This determination involves two inquiries: (1) what were the “circumstances sur-, rounding the interrogation,” and (2) “given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave.” Id. at 527-28 (citations and quotation marks omitted). The supreme court has provided four factors to consider when analyzing case-specific facts to determine whether a suspect was in custody for Miranda purposes:
(1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is. confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.
Ramirez v. State, 739 So.2d 568, 574 (Fla.1999).
Regarding the first factor, law enforcement officials did not summon Atac for questioning, but rather were intending *810 to arrest him upon his departure from his apartment. Here, the detective attempted to coax Atac to come downstairs by using a calm demeanor. They were unable to effectuate the arrest in this manner because Atac caught sight of them, barricaded himself in his apartment, and threatened to shoot himself or anyone who entered the apartment. Atac himself created the situation wherein the detective had to speak with him over the telephone in an effort to prevent Atac from carrying out his threats.
The second factor — the purpose, place, and manner of the interrogation— indicates that Atac was not in custody. The purpose of the telephone conversations during the standoff was to prevent Atac from doing any violence to himself or others. Whether we conclude that the place of interrogation was inside Atac’s apartment unit or, more broadly, the entire apartment complex, it is not our belief that the “place” of interrogation suggests that Atac was in custody. The multiple telephone calls comprised the manner of interrogation; Atac was free to end these telephone calls and in fact did so. Atac was free not to answer his phone and did not have to place calls to the detective, which he did twice.
As to the third factor, Atac was confronted with evidence of his guilt. However, the conversation with Atac naturally gravitated toward the murder because Atac was aware the police were at his apartment to arrest him for the killing.
The final factor — whether Atac was made aware he could leave the place of questioning — is not applicable to the facts of this case. Again, there was no discrete “place” of interrogation. Atac, however, was under no compulsion to speak with law enforcement officials as they surrounded his apartment complex. He was able to move freely about his apartment at all times. While he faced imminent arrest upon doing so, Atac was also free to exit his apartment.
While the “four-factor test” as enunciated in Ramirez is dispositive, a review of cases from other states that have considered this issue provides support for our conclusion that Atac was not in “custody” during the barricaded standoff. In Commonwealth v. Jones, 546 Pa. 161, 683 A.2d 1181 (1996), the Pennsylvania Supreme Court analyzed the same issue and concluded as follows:
Appellant submits that the telephone contact initiated by the police while he was barricaded inside his home constituted custodial interrogation since the police knew at that time that Appellant was a suspect in the shootings, and thus, should have realized that their efforts to coax Appellant from his home via those oral communications was likely to elicit inculpatory statements. He also submits that hé was in police custody insofar as the police had his house surrounded and he was, thus, not free to leave. Appellant’s claim is wholly without merit. ... [Cjontrary to his assertions, he was not in custody at this time and, therefore, was not entitled to Miranda warnings.
Id. at 1188 (citations omitted); see also Commonwealth v. Stallworth, 566 Pa. 349, 781 A.2d 110, 115-16 (2001) (reaffirming the reasoning and holding of Jones).
In State v. Pejsa, 75 Wash.App. 139, 876 P.2d 963, 968 (1994), a Washington appeals court concluded, that a “barricaded person” is not entitled to Miranda warnings before speaking with police because that person can prevent law enforcement from exercising immediate control over his actions, can terminate the conversation simply by hanging up the phone, and can control the direction of the conversation. In West v. *811 State, 923 P.2d 110 (Alaska Ct.App.1996), an Alaska appeals court held that the issue of a “barricaded person’s” Miranda rights had been considered by multiple courts around the country which had “unanimously conclude[d] that custodial interrogation requiring Miranda warnings does not occur when police communicate with a barricaded suspect who holds them at bay.” Id. at 113; see also Saldivar v. State, 980 S.W.2d 475, 490 (Tex.App.1998) (finding no custodial interrogation because, in part, “[a]lthough appellant was clearly surrounded by police and could not escape the parking lot during the standoff, she was armed and not restrained”).
Many courts in other jurisdictions have acknowledged the practical implications of requiring Miranda warnings before law enforcement can begin to interact with a barricaded person during a standoff or hostage situation. We echo the New Mexico Supreme Court’s concerns:
In a supercharged setting like an armed standoff between a criminal suspect and police, such a requirement could have devastating consequences. Telling a suspect that anything they [sic] say could be used against him in a court of law could undermine the trust that must be established between the suspect and the negotiator. It could escalate the dangers of a situation that might otherwise be resolved peacefully.
State v. Cooper, 124 N.M. 277, 949 P.2d 660, 667 (1997) (citations omitted); see also United States v. Mesa, 638 F.2d 582, 588-89 (3d Cir.1980) (“[T]he Miranda rule should be confined to those situations where the police have a fair choice in deciding whether to give the warnings. It should not be expanded to encorripass the present situation where the giving of warnings could have disastrous effects on the suspect and perhaps on others in the vicinity.”); State v. Bowen, 491 N.E.2d 1022, 1025 (Ind.Ct.App.1986) (“It would be facetious to say that while officers were trying to capture a barricaded suspected murderer, or trying to talk him out of his refuge, they must shout Miranda warnings at him.”).
Ultimately, we need not reach the issue of whether the detective’s conversation with Atac amounted to “interrogation.” As we have already concluded that Atac was not in custody during the standoff, Miranda warnings were not necessary, regardless of the questioning involved. Indeed, on appeal the parties argue extensively whether Atac was in custody during the standoff but only mention the issue of interrogation in passing. Further, the trial court based its order denying the motion to suppress on its finding that Atac was not in custody during the incident.
In conclusion, we hold that the trial court correctly found that Atac was not in custody for Miranda purposes during the barricaded standoff and the motion to suppress was properly denied. We affirm as to all other issues Atac raises on appeal without further comment.

Affirmed.

STEVENSON, J., and MORGAN, DAVID C., Associate Judge, concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).