# Supreme Court of Florida

_____

No. SC19-1760
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-10.**

January 16, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes that the Court amend standard jury instructions

28.6 (Fleeing to Elude a Law Enforcement Officer), 28.7 (Fleeing to Elude a Law

Enforcement Officer (Siren and Lights Activated)), 28.8 (Fleeing to Elude a Law

Enforcement Officer (Siren and Lights Activated with High Speed or Reckless

Driving)), and 28.8(a) (Fleeing to Elude a Law Enforcement Officer (Siren and

Lights Activated with High Speed or Reckless Driving Causing Serious Bodily

Injury or Death)).  Following publication in *The Florida Bar News*, the Committee

received comments from the Florida Public Defender Association (FPDA).  The Committee did not revise their proposals upon review of that comment, and the Court did not publish the proposals upon submission by the Committee.

The Committee's amendments are limited to removing the definition for "operator," and updating the statutory citations for "street or highway" and "vehicle" in each of the instructions.  Having considered the Committee's report and the FPDA's comment submitted to the Committee and filed with the Court, and the Committee's response to the comment, we authorize instructions 28.6, 28.7, 28.8, and 28.8(a) for publication and use as proposed.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1]  New language is indicated by underlining, and deleted language is indicated by struck-through type.  We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  In authorizing the

_____

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## 28.6 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
§ 316.1935(1), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. **A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.**

*Give 3a or 3b as applicable.*
3. (Defendant)**, knowing [he] [she] had been ordered to stop by a duly authorized law enforcement officer,**

    a. **willfully refused or failed to stop the vehicle in compliance with the order**
    b. **having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.**

*Definitions.*
*§ 316.003(48), Fla. Stat.*
~~**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**~~

*§ 316.003(8~~1~~3), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~99~~102), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*

**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

**Comments**

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2018 [236 So. 3d 244], ~~and~~ 2019 [262 So. 3d 59], and 2020.

**28.7 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER**
**(Siren and Lights Activated)**
§ 316.1935(2), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

*Definitions.*
*§ 316.003(48), Fla. Stat.*
~~**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**~~

*§ 316.003(8~~1~~3), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~99~~102), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

**Comments**

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2018 [236 So. 3d 244], ~~and~~ 2019 [262 So. 3d 59], and 2020.

**28.8 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER**
**(Siren and Lights Activated with High Speed or Reckless Driving)**
§ 316.1935(3)(a), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following four elements beyond a reasonable doubt:**

**1.** (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2.  (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

*Definitions.*
*§ 316.003(48), Fla. Stat.*
~~**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**~~

*§ 316.003(8~~1~~3), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~99~~102), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935 (3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

## Comments

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2018 [236 So. 3d 244], and 2019 [262 So. 3d 59], and 2020.

## 28.8(a) FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)
§ 316.1935(3)(b), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

5. **As a result of** (defendant's) **fleeing or eluding at high speed or wanton disregard for safety, [he] [she] caused [the death of] [serious bodily injury to] [another person] [a law enforcement officer involved in pursuing or otherwise attempting to stop [his] [her] vehicle].**

*Definitions.*
*§ 316.003(48), Fla. Stat.*
~~**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**~~

*§ 316.003(8~~1~~3), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~99~~102), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except personal**

**delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(3)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(3)(a) | 28.8 |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing is in a motor vehicle) | | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

**Comments**

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State,* 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer,* 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2018 [236 So. 3d 244], ~~and~~ 2019 [262 So. 3d 59], and 2020.