IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-295

No. COA21-715

Filed 3 May 2022

McDowell County, Nos. 18 CRS 50076-77, 18 CRS 50088, 18 CRS 50091, 18 CRS 50134

STATE OF NORTH CAROLINA

v.

JOHN WESLEY CONNER, Defendant.

Appeal by defendant from judgments entered 21 May 2021 by Judge Steve R. Warren in McDowell County Superior Court. Heard in the Court of Appeals 5 April 2022.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Tamika L. Henderson, for the state-appellee.*

*Drew Nelson for defendant-appellant.*

GORE, Judge.

¶ 1 Defendant John Wesley Conner appeals from judgments entered upon a jury's verdicts finding him guilty of statutory rape of a child by an adult, five counts of indecent liberties with a child, two counts of statutory sex offense with child by adult, and possession of methamphetamine. After careful review, we find no error in part and vacate and remand one judgment to the trial court for correction of a clerical error.

## I.    Background

On 19 January 2018, defendant was arrested by McDowell County Sheriff's Office pursuant to warrants alleging that between 1 November 2017 and 17 January 2018 defendant committed statutory rape of a child by adult and multiple counts of indecent liberties with a child. Defendant was released pursuant to a secured bond that same day. On 22 January 2018, additional arrest warrants were issued and executed alleging that between 1 November 2017 and 17 January 2017 defendant committed the offenses of statutory sex offense with a child by adult and indecent liberties with child and on 19 January 2018, defendant committed the offense of possession of methamphetamine. Defendant was again released pursuant to secured bond. A final warrant for arrest was issued on 29 January 2018 and executed on 30 January 2018 alleging defendant committed statutory sex offense with child by adult and indecent liberties with child, between 1 November 2017 and 17 January 2018. Defendant was once again released pursuant to secured bond.

Deputies from the McDowell County Sheriff's Office served the first set of arrest warrants at defendant's aunt's house. When deputies arrived at the aunt's house defendant was in a locked bedroom. Deputies instructed defendant to exit the bedroom, but defendant refused indicating that he had a knife and if the deputies entered the bedroom, he would kill himself. The deputies, communicating with defendant through the locked door, initiated negotiations with the purpose of

convincing defendant to come out peacefully and not harm himself. The negotiations lasted approximately five hours. During the negotiations, the deputies told defendant that they were there to execute arrest warrants regarding allegations made against him by a child. At some point during the negotiations between McDowell County Sherriff's Office deputies and defendant, defendant informed the deputies that he purchased what he believed to be either methamphetamine or cocaine and those drugs were with him in the bedroom. Following hours of negotiations deputies were able to convince defendant to exit the bedroom peacefully.

¶ 4        On 4 April 2018, defendant was indicted for one count of statutory rape of a child by an adult, two counts of statutory sex offense with child by an adult, five counts of indecent liberties with a child, and one count of possession of methamphetamine.

¶ 5        The matter came on for trial on 17 May 2021 and lasted five days. During the trial, defendant objected to the introduction of testimony from a McDowell County Sherriff's Office deputy regarding defendant's statement about the presence of methamphetamine in the bedroom. Defendant argued that at the time he made the statement he was in custody and subject to interrogation and, because he was not read his *Miranda* rights, any incriminating statements are not admissible at trial. The trial court overruled defendant's objection, concluding that the deputy's statements during negotiations with defendant were for the purpose of convincing

him to exit the room safely and were not to elicit an incriminating response, thus, the questions did not constitute interrogation.

¶ 6    At the conclusion of the trial, the jury returned guilty verdicts on all charges submitted. The trial court entered consecutive sentences of 300 to 420 months imprisonment each for the statutory rape of child by adult offense and statutory sex offense with child by adult, four consecutive 16 to 29 months imprisonment sentences for four of the indecent liberties with a child charges, and one consecutive sentence of 19 to 29 months imprisonment for the final indecent liberties with a child charge. The trial court consolidated the sentence or the possession of methamphetamine offense into one of the indecent liberties with child sentences.

¶ 7    Defendant entered oral notice of appeal in open court on 21 May 2021.

## II.    Discussion

¶ 8    Defendant raises two issues on appeal. First, he argues that the trial court erred by allowing testimony of a statement defendant made while allegedly in custody. Second, he argues that the judgment in 18 CRS 50077 contains a clerical error. We discuss these arguments in turn.

### A.  Custodial Interrogation

¶ 9    The questions of whether defendant was subject to custodial interrogation is a question of law, and thus, subject to *de novo* review. *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001). "Under a *de novo* review, the court considers the

matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

¶ 10        The Fifth Amendment to the United States Constitution requires police officers to give suspects of a crime certain warning in order to protect that individual's right against self-incrimination in the inherently compelling context of custodial interrogations by police officers. *See generally Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966). "[T]he initial inquiry in determining whether *Miranda* warnings were required is whether an individual was 'in custody.'" *Buchanan*, 353 N.C. at 337, 543 S.E.2d at 826.

¶ 11        The *Miranda* Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 706. The Supreme Court has since provided further context to this definition. In *Oregon v. Mathiason*, the Supreme Court stated that

> police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody."

*Oregon v. Mathiason*, 429 U.S. 492, 495, 50 L. Ed. 2d 714, 719 (1977). The ultimate inquiry is based on the totality of the circumstances and requires a determination whether there was a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Thompson v. Keohane*, 516 U.S. 99, 112, 133 L. Ed. 2d 383, 394 (1995).

¶ 12    This State's Supreme Court summarized the application of *Miranda* in custodial interrogations as such: "in determining whether a suspect [is] in custody, an appellate court must examine all the circumstances surrounding the interrogation; but the definitive inquiry is whether there was a formal arrest or a restraint on freedom of movement of the degree associated with a formal arrest." *State v. Gaines*, 345 N.C. 647, 662, 483 S.E.2d 396, 405, *cert. denied*, 522 U.S. 900, 139 L. Ed. 2d 177 (1997). Therefore, "the appropriate inquiry in determining whether a defendant is in custody for purposes of *Miranda* is, based on the totality of the circumstances, whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Buchanan*, 353 N.C. at 339, 543 S.E.2d at 828 (cleaned up).

¶ 13    Defendant argues that *Miranda* warnings were required because he was subject to an interrogation. Defendant argues the encounter was an interrogation because the deputy knows or reasonably should have known that the words or actions

were reasonably likely to elicit an incriminating response. *See State v. Golphin*, 352 N.C. 364, 406, 533 S.E.2d 168, 199 (2000).

¶ 14        The facts of the present case show that the McDowell County Sheriff's Office deputies arrived at the house to execute an arrest warrant and arrest defendant. When the deputies arrived, defendant locked himself in a bedroom, refused to exit the bedroom, and threatened to kill himself. The deputies engaged in negotiations with defendant in an attempt to convince him to leave the bedroom. Defendant was informed the deputies were there to arrest him, but the negotiations were limited to the purpose of having defendant safely leave the bedroom. During the negotiations, defendant informed the deputies there was methamphetamine in the bedroom. Defendant was not placed under formal arrest, nor did the deputies restrain his movement (defendant chose to lock himself in the bedroom).

¶ 15        Our review of North Carolina case law does not reveal any North Carolina cases with facts directly on point. However, other jurisdictions have contemplated similar factual scenarios. *See United States v. Mesa*, 638 F.2d 582, 588 (3d Cir. 1980) (concluding the defendant was not in custody when barricaded in a motel room with a gun and communicating with law enforcement via the telephone); *see also West v. State*, 923 P.2d 110, 113 (Alaska Ct. App. 1996) ("For reasons that seem sound upon reflection, [multiple courts around the country] unanimously conclude that custodial interrogation requiring *Miranda* warnings does not occur when police communicate

with a barricaded suspect who holds them at bay."); *Atac v. State*, 125 So. 3d 806, 811 (Fla. Dist. Ct. App. 2013) (concluding that a defendant who refused to exit his apartment and threatened to commit suicide was not in custody when law enforcement attempted to convince him to exit the apartment peacefully). We find these court's decisions persuasive.

¶ 16     In the instant matter, defendant refused to exit the bedroom and threatened to commit suicide if McDowell County Sheriff's Office deputies entered the bedroom. The deputies attempted to convince him to exit the bedroom peacefully. At the time of the negotiation defendant was not under formal arrest. Law enforcement cannot be expected to issue *Miranda* warnings when attempting to arrest an individual. *Miranda* warnings are only required once an arrest has been made or law enforcement is able to exercise a degree of control equivalent to a formal arrest. Defendant's actions prevented the deputies from placing defendant under formal arrest or exercising any degree of control equivalent to a formal arrest. We conclude that because defendant had barricaded himself in the bedroom and refused to exit defendant was not in custody. Thus, we need not reach the issue of whether the deputies' conversation with defendant amounted to "interrogation," as defendant argues, because defendant was never in custody; therefore, *Miranda* warnings were not required.

**B. Clerical Error**

Defendant next asserts that the judgment in 18 CRS 50077 contains a clerical error. The judgment states the minimum sentence for the offense as 19 months. However, at sentencing the trial court announced the minimum sentence as 16 months. The State concedes this clerical error and contends that the matter should be remanded to the trial court for correction. *See Sate v. Linemann*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999). We agree.

### III.    Conclusion

For the foregoing reasons we conclude that the trial court did not err in allowing testimony of defendant's statement to McDowell County Sheriff's Office deputies that he possessed methamphetamine. We also conclude that the judgment in 18 CRS 50077 contains a clerical error. Thus, we find no error in part and vacate and remand in part for correction of clerical error.

NO ERROR IN PART; VACATED AND REMANDED IN PART.

Judge MURPHY concurs in result only.

Judge GRIFFIN concurs.